UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL CONRAD PARSONS,

     Plaintiff,

vs.                                        CASE NO. 8:03-CV-2037-T-17MAP

CONTINENTAL AIRLINES,
INC.,

     Defendant.

_____/


This cause is before the Court on:

Dkt. 13 Amended Petition
Dkt. 16 Motion for Summary Judgment
Dkt. 17 Notice of Filing - Exhibits
Dkt. 20 Response and Motion for Trial De Novo,
     With Exhibits
Dkt. 26 Response

This case is a petition for review of the arbitration proceedings between the Independent Association of Continental Pilots and Continental Airlines, Inc., and the Division's Order (CAL-ALPA Grievance No. 00-05, Discharge of Paul Parsons) pursuant to 45 U.S.C. Sec. 153 (q).


I. Motion for Summary Judgment


Defendant seeks entry of summary judgment because the undisputed facts establish that no basis for vacating the award of the System Board under 45 U.S.C. Sec. 153(q) is present in this case, and also because Plaintiff's claims are barred by *res judicata* as a result of the judgment entered in favor of Defendant in Case No. 3:02-CV-1123-J-32HTS, Parsons v. Continental Airlines, Inc.

Case No. 8:03-CV-2037-T-17MAP

A.   Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."   Fed.R. Civ.P.   56 c.

> "The plain language of Rule 56 c mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Issues of fact are genuine only if a reasonable jury considering the evidence presented could find for the non-moving party. (Citation omitted).   Material facts are those which will affect the outcome of the trial under governing law.   In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the non-moving party.   See Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983).   All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. See Hayden v. First Nat's Bank of Mt. Pleasant, 595 F.2d 994, 996-7 (5th Cir. 1979).

2

Case No. 8:03-CV-2037-T-17MAP

B.   Statement of Facts

1.   Plaintiff was employed as a pilot by Continental
Airlines, Inc., until his employment was terminated on April 14,
1999 for abuse of the "buddy pass" privilege.

2.   A "buddy pass" is a set of coupons for reduced-rate
space available domestic air travel on Continental that
Continental gives its employees, and which the employees may give
to their friends.  A "buddy pass" consists of four coupons for a
domestic trip that may involve connecting flights.

3.   Defendant conducted an investigation, which revealed
that Plaintiff improperly separated the coupons and distributed
them to various individuals.

4.   Plaintiff appealed his termination, and a hearing was
held on February 8, 2000.  Plaintiff's appeal was denied on March
21, 2000.  Plaintiff then appealed to the System Board.
Plaintiff was represented by counsel provided by Plaintiff's
Union, the Independent Association of Continental Pilots.

5.   A Hearing was conducted on June 7, 2001 before the
Systems Board (Dkt. 17, Exh. 4).

6.   At the Hearing and in his post-hearing brief, Plaintiff
contended that as a result of his alcoholism and addiction to
prescription medication Plaintiff was unable to defend himself
against Defendant's accusations (Dkt. 17, Ex. 4, 5.)

3

Case No. 8:03-CV-2037-T-17MAP

7.   At the Hearing, Plaintiff admitted Plaintiff had improperly used the buddy passes and that Plaintiff was ultimately responsible for the manner in which the passes were used (Dkt. 17, Exh. 4, p. 238-242.)

8.   During the investigation of alleged pass abuse, Plaintiff alleged that his brother may have been responsible for some of the misuse of the buddy passes, but abandoned this contention at the Hearing (Dkt. 17, Exh. 4, p. 238-42, Exh. 5).

9.   At the Hearing, Plaintiff argued that Plaintiff was denied due process because Defendant allegedly did not notify Plaintiff of all of the specific facts as to Plaintiff's misuse of the buddy passes before Defendant terminated Plaintiff's employment (Dkt. 17, Exh. 4, p. 144).

10.   The System Board rendered its decision on February 8, 2002 (Dkt. 17, Exh. 3), which was unfavorable to Plaintiff.  The System Board considered all of Plaintiff's arguments, but rejected those arguments (Dkt. 17, Exh. 3, pp. 13-18).

11.   Plaintiff was deposed on March 31, 2004. (Dkt. 17, Exh. 1).

12.   Plaintiff filed his Amended Petition on May 4, 2004. In the Amended Petition, Plaintiff alleges for the first time that Defendant terminated Plaintiff's employment to avoid placing Plaintiff on medical leave.

4

Case No. 8:03-CV-2037-T-17MAP

13. At his deposition (Dkt. 17, Exh. 1), Defendant asked
Plaintiff for the factual basis of his Petition to vacate the
Award. Plaintiff did not assert that Defendant had terminated
Plaintiff's employment in order to avoid placing Plaintiff on
medical leave.

14. There is no allegation in the Amended Petition (Dkt.
13), and there is no record evidence, that the System Board did
not follow the requirements of 45 U.S.C. Sec. 153, the Railway
Labor Act.

15. There is no allegation in the Amended Petition, and
there is no record evidence, that the System Board failed to
confine itself to the issues within the scope of the System
Board's jurisdiction.

16. There is no allegation in the Amended Petition, and
there is no record evidence, that any member of the System Board
committed fraud or was corrupt in issuing the Award.

17. Plaintiff filed another case in the Jacksonville
Division, Case No. 3:02-CV-1123-J-32HTS. The Complaint in that
case was based on the ADA. In the Complaint, Plaintiff alleges
that Defendant's termination of Plaintiff's employment was a
wrongful termination based on Plaintiff's disability, alcoholism
and addiction to prescription medication. A final judgment was
entered on September 8, 2003 in favor of Defendant Continental
Airlines, Inc. (Dkt. 17, Exh. 9).

.

5

Case No. 8:03-CV-2037-T-17MAP

18.   In the Jacksonville case, which is based on the same facts as this case, Plaintiff could have asserted Plaintiff's request to vacate the Award, but did not do so.

C.  Discussion

1.  Review under the Railway Labor Act

Pursuant to 45 U.S.C. Sec. 153(q), the Court has jurisdiction to affirm the order of the division, to set it aside, in whole or in part, or the Court may remand the proceedings to the division for such further action as it may direct.  On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of 45 U.S.C. Sec. 153, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

The entire basis of Plaintiff's Amended Petition (Dkt. 13) is Plaintiff's contention that the reason for Plaintiff's termination from employment, misuse of the buddy pass privilege, is a pretext for the real reason, which Plaintiff alleges was to avoid placing Plaintiff on medical leave.

At the Hearing, Plaintiff argued , among other issues, that Plaintiff could not form the intent to misuse the buddy pass privilege because of his alcoholism and addiction to prescription medication.  Plaintiff provided support for his argument through

6

Case No. 8:03-CV-2037-T-17MAP

the testimony of Dr. Kenneth Thompson.  However, the System Board
rejected Plaintiff's explanation, and affirmed the termination of
Plaintiff's employment.

     The Court has examined the Award, which includes a statement
of the respective positions of Plaintiff and Defendant, and which
explains the reasoning of the System Board in detail.  The System
Board found that the manner in which the investigation was played
out did not deprive Plaintiff of the ability to present a
defense, did not cloud the basic facts, and did not impede the
ability of the Board to make a finding as to what misconduct
occurred.  The System Board concluded that there was only one
reasonable conclusion, and that conclusion was that Plaintiff
engaged in repeated acts of pass abuse that Plaintiff recognized
at the time was wrong.  The System Board found that this
recognition provided just cause for termination.  The System
Board further found that the allegation of chemical dependency
was relevant to the determination of whether the disciplinary
penalty was reasonable and appropriate.  The System Board
considered Plaintiff's chemical dependency as a mitigating factor
within the context of all relevant circumstances.  The System
Board found that Plaintiff's lack of candor and honesty during
the investigation and the slowness of the revelations as to
Plaintiff's chemical dependency undermined the mitigating value
of Plaintiff's dependency.  The System Board concluded that the
decision to terminate Plaintiff's employment was not a clearly
wrong or unreasonable decision.

     The Court notes that the scope of review of the decision of
the System Board is narrow.  <u>See Loveless v. Eastern Airlines,
Inc.</u>, 681 F.2d 1272 (11th Cir. 1982).   Plaintiff does not allege

7

Case No. 8:03-CV-2037-T-17MAP

any statutory ground on which the Court could vacate the decision
of the System Board, and the record before the Court does not
contain any evidence which could justify vacating the Award.
Plaintiff's Amended Petition asserts only that the conclusion of
the System Board was not correct.  Plaintiff argues that
Defendant knew or should have known that the buddy pass abuse was
caused by others without Plaintiff's knowledge, which is
completely at odds with Plaintiff's acceptance of responsibility
at the Hearing.

     The Court has considered Plaintiff's response to Defendant's
Motion for Summary Judgment, in which Plaintiff argues that
documents which Defendant has not produced to Plaintiff will
establish material facts showing that two Board members, Captain
Fred Abbott and Captain Dennis S. Turnbough, knew that Defendant
was proceeding against Plaintiff in bad faith, in violation of
Defendant's employment policies, in violation of the Family
Medical Leave Act, in violation of the Americans with
Disabilities Act of 1990, Titles I and V, in violation of New
Jersey worker's compensation laws, in violation of the National
Railroad Labor Act, and in violation of fundamental due process.
Plaintiff argues that the two Board members knowingly abused the
arbitration process by failing to deal in good faith with
Plaintiff, and therefore corruption and fraud requires that the
Court vacate the Award.

A.  Due Process

     Plaintiff complains that the arbitration process lacked
fundamental due process, which justifies the vacatur of the
Award.  See Hall v. Eastern Air Lines, Inc., 511 F.2d 663 (5th

Case No. 8:03-CV-2037-T-17MAP

Cir. 1975).  Due process requires notice of the charges, a
hearing on the evidence, and an impartial decision.

At the hearing, Plaintiff argued that during the
investigation, Defendant did not consider or verify Plaintiff's
substance abuse and dependency as a mitigating circumstance even
though the facts concerning Plaintiff's medical condition were
fully disclosed during the grievance process, and that the
specifics of the buddy pass abuse were not provided to Plaintiff.
Plaintiff was not shown copies of the passes at issue or provided
with documentary evidence of Plaintiff's misconduct despite the
fact that this information was readily available.  Plaintiff
complained that this failure denied Plaintiff the opportunity to
review the relevant documentation and provide a complete response
to Defendant's claims of misconduct.  Plaintiff argued that if
Defendant had fully disclosed its information, Plaintiff may have
acknowledged his addictive disorder at that time, and therefore
the investigation of Plaintiff's misconduct was fatally flawed.

The System Board considered the issue of due process, and
found that the manner in which the investigation was conducted
did not deprive Plaintiff the opportunity to present a defense.

At the hearing before the System Board, Plaintiff was
represented by counsel.  Plaintiff had notice of charges, and was
able to present evidence to rebut those charges.  The record
establishes that the investigation and process of review took
place over an extended period of time.  Plaintiff was able to
present all of the material facts of his medical condition to the
System Board.  The Court notes that the System Board commented on
the slowness of Plaintiff's revelation of his medical condition,

9

Case No. 8:03-CV-2037-T-17MAP

and Plaintiff links the failure of full disclosure by Defendant
to his late acknowledgment of his chemical dependency.  Plaintiff
is asserting that the failure of full disclosure of the
particulars of the buddy pass abuse caused Plaintiff to mislead
Defendant during the investigation, which was unfairly weighed
against Plaintiff.  However,  Plaintiff had a full opportunity to
present his version of what transpired from the date of
Plaintiff's termination up until the date of the Hearing to the
System Board.  The System Board accepted the fact of Plaintiff's
chemical dependency as true.  The System Board knew all the
relevant facts, and weighed those facts within the entire
context.  Reweighing the facts is beyond the Court's role.

     After consideration, the Court concludes there was no denial
of fundamental due process as to the investigation and hearing
which would require the Court to vacate the Award.  The process
was not perfect, but the System Board had access to all the facts
and had the opportunity to weigh all of the facts before making a
final decision.

     Another facet of due process is an impartial decision.  To
the extent that Plaintiff is arguing that members of the Board
were not impartial because they knew of Plaintiff's impairment
before the pass abuse investigation and of Plaintiff's intent to
seek disability benefits, the Court concludes that there was no
denial of fundamental due process as to the decision.  During the
hearing, Plaintiff acknowledged his alcoholism and chemical
dependency to all the panel members, and the System Board
considered it as a mitigating factor.  The record does not
contain any objection by Plaintiff to the participation of the
members of the Board who allegedly had knowledge as to

Case No. 8:03-CV-2037-T-17MAP

Plaintiff's impairment.

The Court concludes that there was no denial of due process which justifies vacating the Award.

B.  Disciplinary Penalty

In his Response, Plaintiff argues that even if everything were true as to the buddy pass abuse, Defendant's policy in disposition of similar cases resulted in suspension of pass privileges, rather than termination of employment.

The System Board articulated its reasons for finding that the termination of Plaintiff's employment was not clearly wrong or unreasonable.  The Court understands that Plaintiff disagrees with the conclusion, but Plaintiff has not established any ground to vacate the Award as to this issue.

C.  Corruption and Fraud

Plaintiff argues that the Board Members, Captain Abbott and Captain Turnbough, knew that Defendant was in violation of various labor laws relating to disability and on-the-job injuries, and this knowledge establishes corruption and fraud sufficient for the Court to vacate the Award.  Plaintiff also argues that Defendant's policy in other cases was to allow employees to enter an Employee Assistance Program.

11

Case No. 8:03-CV-2037-T-17MAP

Defendant took Plaintiff's Deposition on March 31, 2004.  At
that time, Plaintiff admitted Plaintiff had no evidence that any
members of the System Board committed fraud or was corrupt in
issuing the Award (Dkt. 17, Depo., p. 68).  Plaintiff made no
such allegations in the Amended Petition (Dkt. 13).

Defendant responds that, at the Hearing, Plaintiff never
sought to disqualify Captain Abbott or Captain Turnbough, and
never sought to have them testify  as to their alleged knowledge
of the unlawfulness of Plaintiff's termination.  The record shows
that Plaintiff was represented by counsel at the hearing, and had
the opportunity to present Plaintiff's evidence.  The decision
not to call witnesses to testify as to their knowledge is a
tactical decision.

The Court acknowledges that Plaintiff has not received
documents Plaintiff sought in discovery to establish the
knowledge of Captain Abbott and Captain Turnbough.  However,
other factors render the lack of discovery irrelevant.  Even if
Plaintiff had documents showing that Captain Abbott and Captain
Turnbough knew of Plaintiff's problems with cognitive thought
process before the pass abuse investigation and intent to seek
disability benefits, the Court is aware that Plaintiff did not
file a charge of discrimination with the E.E.O.C. until long
after Plaintiff's termination.  Plaintiff's lawsuit to establish
the presence of discrimination based on disability was decided in
favor of Defendant.

12

Case No. 8:03-CV-2037-T-17MAP

In addition, the System Board found it necessary to
reconcile a credibility issue, Plaintiff's allegation of chemical
dependency during the buddy pass abuse events, which Plaintiff
contended prevented him from forming the intent to defraud, with
Plaintiff's ongoing performance of his duties as a pilot,
involving the constant exercise of judgment.   The System Board
also heard testimony in which Plaintiff admitted that he was
responsible for the buddy pass abuse, and in which Plaintiff
admitted that at the time of the buddy pass abuse Plaintiff knew
it was wrong.   The System Board found that the events on which
Plaintiff's termination of employment were based, multiple and
repeated acts of pass abuse which Plaintiff recognized at the
time were wrong, constituted just cause for termination.

In addition, Plaintiff does not offer any explanation of the
discrepancy between his prior deposition testimony, and
Plaintiff's current assertions.

The Court concludes that Plaintiff has not established the
presence of fraud or corruption which would require the Court to
vacate the Award.

D.  On the Job Injury

In his Response, Plaintiff links his treatment for an on-
the-job injury with the chemical dependency that later developed.
Plaintiff argues that Defendant caused Plaintiff to become
disabled, then terminated Plaintiff's employment.   Plaintiff
argues that Defendant took advantage of Plaintiff's impaired
state by conducting the arbitration hearing as it was done.

13

Case No. 8:03-CV-2037-T-17MAP

    The Court notes that Plaintiff was represented by counsel at
the hearing and was able to present a defense.  The Court is
troubled by Plaintiff's assertion that Defendant is responsible
for Plaintiff's disability.  The record shows that Plaintiff
selected his physician, and that resources were available to
Plaintiff.  At the arbitration proceeding, the panel was
evaluating the pass abuse events, and Plaintiff plainly admitted
that Plaintiff did abuse his pass privileges.  That is, Plaintiff
accepted responsibility for the events but now contends that
Defendant is responsible.

    The Court concludes that Plaintiff's argument does not
justify vacating the Award.

2.  Res Judicata

    In Case No. 3:02-CV-1123-J-32HTS, Parsons v. Continental
Airlines, Inc., Plaintiff filed a Complaint for wrongful
termination in violation of the Americans with Disabilities Act
of 1990, alleging that Defendant terminated Plaintiff because of
his disability.  A final judgment was entered in favor of
Defendant on September 8, 2003.  The Court found that Plaintiff
did not file timely charges with the EEOC and equitable tolling
was not appropriate.

    Defendant argues that all of the elements of *res judicata*
are present in this case: 1) a prior decision by a court of
competent jurisdiction; 2) a final judgment on the merits; 3)
identical parties; 4) prior and present causes of action are the
same, arising out of the same nucleus of operative fact.
Defendant relies on <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d

Case No. 8:03-CV-2037-T-17MAP

1183 (11th Cir. 2003)(holding claim of ADA discrimination was barred by determination of grievance of wrongful termination by System Board).

Plaintiff argues that the final judgment was not an adjudication on the merits, and that the two causes of action are not the same.

*Res judicata* bars the assertion of all claims that could have been raised in an action, as well as those claims that were raised, which are based on the same nucleus of operative fact. The Court finds that the claim asserted in this case is based on the same nucleus of operative fact as the prior case.

The judgment in the ADA case states it is a final judgment. The Court did not consider the substance of Plaintiff's claim of discrimination because Plaintiff did not comply with the required procedural provisions of Title VII.  The Court found that Plaintiff did not file a timely EEOC charge, and equitable tolling was not appropriate.

The Court finds that the prior judgment in Case No. 8:03-CV-2037-J-32HTS does bar Plaintiff's claim in this case to vacate the Arbitration Award based on *res judicata*.  Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment is **granted**, and the Clerk of Court shall enter judgment in favor of Defendant.  Any motion for attorney's fees and costs shall be filed within ten days.

15

Case No. 8:03-CV-2037-T-17MAP

II.   Motion for Trial *De Novo*

Plaintiff requests a trial *de novo*.

Defendant opposes the request, and argues that Plaintiff cannot establish any of the limited grounds on which the System Board's Award may be vacated.

After consideration, the Court **denies** the Motion for Trial *de novo* for the same reasons that Defendant's Motion for Summary Judgment was granted.  Accordingly, it is

ORDERED that Plaintiff's Motion for Trial *De Novo* is **denied**.

DONE and ORDERED in Chambers, in Tampa, Florida on this 14th day of June, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

16